## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  JUSTIN HOOPER<br><br>Plaintiff / Appellant<br><br>v.<br><br>(1)  THE CITY OF TULSA<br>Defendant / Appellee | Case No. 21-CV-165-JED-JFJ |

### **COMPLAINT**

**COME NOW** the Justin Hooper, Plaintiff / Appellant by and through his attorney, John M. Dunn, and for his chose of action against the Defendant / Appellee, allege and state as follows:

### INTRODUCTION

With the decision of *McGirt v. Oklahoma,* Case No. 18-9526, 591 US \_\_\_\_ (2020), the United States Supreme Court made it clear that, for more than a century, the State of Oklahoma (through the District Courts and the District Attorneys) and its political subdivisions (through the various cities and towns) have charged, fined and otherwise imposed court costs or administrative fees resulting in large sums of money being taken from Tribal members without the jurisdiction to do so. The *McGirt* opinion, referenced above, answered the question of whether the Creek Reservation was disestablished.  The Court performed the analysis and answered in the negative.  As a result of this case, it has been found that the State of Oklahoma and its political sub-divisions are without subject matter jurisdiction to try criminal cases against defendants that are classified as "Indian" under federal law.  In this case, Justin Hooper was issued a citation by the City of Tulsa on the Creek Nation.  Justin Hooper is a Choctaw Indian,

and therefore a member of a Federally recognized tribe. Mr. Hooper filed a an Application with the Municipal Court for Post Conviction Relief. The Court denied his application relying on the Curtis Act, which it believes gives municipalities the jurisdiction to hear cases and to prosecute all inhabitants of the town, including Indians. It is from this ruling that Mr. Hooper appeals.

## FACTS COMMON TO EACH COUNT

1. Mr. Hooper is a natural person and resident of the city of Tulsa. He is, and was at all times relevant, also a member of the Choctaw tribe, a federally recognized Indian tribe.

2. The City of Tulsa is a municipality in the state of Oklahoma, located in the northern district of Oklahoma, and properly incorporated and organized under the laws of the state of Oklahoma.

3. Mr. Hooper received a traffic citation for speeding on or about August 13, 2018 at approximately 6600 S. Sheridan Rd. in the city of Tulsa. This location being located on the Creek Indian reservation and in the Northern District of Oklahoma .

4. On or about August 28, 2018 the Mr. Hooper was found guilty by the municipal criminal court of the city of Tulsa and ordered to pay a fine of $150. Said fine was paid.

5. On or about December 17, 2020 Mr. Hooper filed as application for postconviction relief in the Municipal Court of the city of Tulsa seeking to have his conviction for speeding vacated as a result of a lack of subject matter jurisdiction.

6. On March 25, 2021, that matter was argued to the Municipal Court. On April 5, 2021 that court entered its order denying postconviction relief and finding that it has jurisdiction pursuant to the Curtis Act. A certified copy of the court's order is attached hereto as Exhibit A.

7. On April 9, 2021, Mr. Hooper filed in the City of Tulsa a *Notice of Intent to Appeal; Preparation of Appeal Record; Court Reporters Acknowledgment; and Notification of*

*Appropriate Appellate Counsel, If Appointed*. A certified copy of that filing is attached as Exhibit B.

## JURISDICTION OF THIS COURT AND EXHAUSTION OF STATE REMEDIES

9. This court has jurisdiction and venue is proper because the events complained of pursuant to 28 USC §§ 1391(b)(1) and (2) because the parties are all located in the Northern District of Oklahoma.

10. Additionally this court has jurisdiction to hear the appeal pursuant to 30 Stat. 495 § 14 (known as the "Curtis Act"), *Missouri, K & T Ry. Co. v. Phelps*, 4 Ind. T. 706, 76 S.W. 285, 286 (Indian Terr. 1903) Baker v. *Marcum & Toomer*, 1908 OK 171, 97 P.572, 573 (1908).

11. Finally, the Mr. Hooper, as plaintiff in this case, is seeking declaratory judgment pursuant to 28 USC § 2201.

12. There are no state remedies to exhaust because the Oklahoma Court of Criminal Appeals (the court to which appeals from the Municipal Court of Tulsa would normally be filed), would have no jurisdiction over this issue because it involves a federal question. Further the Oklahoma Court of Criminal Appeals would have no jurisdiction as this involves the prosecution of an Indian.

13. There is no action currently pending in state court involving the Municipal Court's denial of Mr. Hooper's *Application for Postconviction Relief*.

## COUNT I - APPEAL

14. Mr. Hooper is appealing the Municipal Court's determination that the city of Tulsa has jurisdiction over him pursuant to the Curtis act. The documents commonly associated with an appeal in federal court have been attached as Exhibit C

15. Appeal to this court is the only remedy available to Mr. Hooper, both under federal law, and because of his status as an Indian. This is also consistent with the trial court's ruling, attached as exhibit A.

## COUNT II DECLARATORY JUDGMENT

16. The Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-15 .

17. Federal Rule of Civil Procedure Rule 57 provides for Declaratory Judgment when it will terminate the controversy.

18. On July 9, 2020, the United States Supreme Court issued its opinion on *McGirt vs. Oklahoma,* 591 US _____ (2020) holding: Under Federal law, no State or subdivision shall have jurisdiction over any Indian who commits a crime in "Indian Country", including all land within the limits of any Indian reservation under the jurisdiction of the United States Government.

19. Pursuant to the Court's holding, neither the State of Oklahoma, nor any of its political subdivisions has subject matter jurisdiction to criminally charge and prosecute members of a federally recognized American Indian tribe for crimes committed on the Creek Reservation. That subject matter jurisdiction is vested solely in the Creek Nation or in the United States. It is well recognized that crimes allegedly committed by members of a federally recognized tribe that occurred in Indian country must be subject to the sovereign immunity possessed by such Indian nations. "Indian country" is defined in 18 USC § 1151 and includes "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation. . ."

20. 18 USC § 1152 establishes the jurisdiction of the federal Government over Indian Country.

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> This section shall not extend to the offenses committed by one Indian against the person or property or another Indian, nor to any Indian committing an offense who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

21. While the United States Supreme Court has made it clear that the Creek Reservation has never been disestablished, there has not been a ruling affirmatively say that the Curits Act still gives the municipalities jurisdiction over Indians within its jurisdiction, in fact as the Trial Court notes there appears to be a split in authority.

22. This court's ruling on this matter will set to rest the question as to municipal jurisdiction not only for the hundreds, if not thousands, of person simply situated to the plaintiff in the city of Tulsa, but also for other municipalities across the state of Oklahoma.

23. At this point, it is necessary for the court to act and declare applicability or invalidity of the Curtis Act to municipalities in the state of Oklahoma, and particularly to the city of Tulsa.

24. The Courts of Oklahoma or their political subdivisions that entered an order convicting or deferring adjudications against members of the Class did so without jurisdiction.

25. When a Court acts without subject matter jurisdiction, the action is void.

26. The Plaintiffs are entitled to Declaratory Judgment that the Curtis Act is inapplicable to present times and confers no jurisdiction to municipalities to prosecute and punish Indians for offenses that occur on an Indian Reservation.

WHEREFORE, the Plaintiffs pray this Court will grant him Post Conviction Relief and enter a Declaratory Judgment finding that the Curtis Act confers no jurisdiction to municipalities

located within the boundaries of a reservation and any judgment rendered by such municipalities against an Indian would have been made without subject matter jurisdiction and is therefore void.

                Respectfully submitted,

                /S/ John M. Dunn
                John M. Dunn, OBA No. 20975
                The Law Offices of John M. Dunn, PLLC
                616 South Main Street, Suite 206
                Tulsa, OK  74119
                Telephone: (918) 526-8000
                Facsimile: (918) 359-5050
                Email: jmdunn@johndunnlaw.com

**ATTORNEY LIEN CLAIMED**