IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN HOOPER,<br><br>　　　*Plaintiff/Appellant,*<br><br>v.<br><br>THE CITY OF TULSA,<br><br>　　　*Defendant/Appellee.* | Case No. 21-CV-165-WPJ-JFJ |

**MUSCOGEE (CREEK) NATION'S MOTION FOR LEAVE TO
PARTICIPATE IN STATUS CONFERENCE AS AMICUS CURIAE**

Pursuant to Federal Rule of Civil Procedure 7(b), the Muscogee (Creek) Nation ("Nation") respectfully moves for leave to participate as amicus curiae in the December 4, 2023 Status Conference set by this Court under Docket No. 40 and in any additional proceedings that may be ordered by the Court in this matter. Counsel for Mr. Hooper consents to this motion. Counsel for the City of Tulsa does not object to this motion. In support of this Motion, the Nation states as follows:

1. The Nation is a federally recognized Indian tribe that, as a matter of its inherent sovereignty, exercises jurisdiction over crimes committed by Indian defendants within its Reservation. *See Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020); *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2460 (2020). This includes robust enforcement of traffic laws within the Reservation in close cooperation with local governmental authorities through effective cross-deputization agreements.

2. At issue in this litigation is whether federal law, specifically Section 14 of the Curtis

Act, ch. 517, § 14, 30 Stat. 495, 499 (1898), permits Tulsa to exercise criminal jurisdiction over an Indian for conduct occurring within that portion of the City of Tulsa that falls within the boundaries of the Creek Reservation. The Tenth Circuit held that it does not, and given Tulsa's decision not to seek review of that decision in the Supreme Court (after having unsuccessfully sought a stay), that issue has been resolved against Tulsa.

   3.   Tulsa's assertion of criminal jurisdiction over Indians within the Creek Reservation directly implicates the Nation's sovereignty, jurisdiction, and federally protected rights of self-government. While the federal government has jurisdiction concurrent with the Nation in some instances, Oklahoma and its political subdivisions cannot prosecute Indians for crimes committed within the Nation's reservation absent "a clear expression of the intention of Congress" to the contrary. *McGirt*, 140 S. Ct. at 2477 (citation omitted); *see also, e.g.*, *Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1248 (10th Cir. 2017) (same). Such prosecutions constitute "an infringement on tribal sovereignty" and involve "significant interference with [tribal] self-government[.]" *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 790 F.3d 1000, 1005–06 (10th Cir. 2015) (citation omitted) (involving state and local prosecution of Indians for traffic offenses in a tribe's Indian country absent congressional authorization).

   4.   Accordingly, the Nation has substantial interests at stake in any further proceedings in this case. The Tenth Circuit recognized the importance of those interests when it granted the Nation amicus status on appeal; and it underscored the importance of those interests, and of hearing the Nation's own voice with respect to those interests, when it permitted the Nation, over Tulsa's objections, to file an amicus reply brief and to participate in oral argument. Minute Order, *Hooper v. City of Tulsa*, No. 2022-5034 (10th Cir. July 8, 2022) (authorizing Creek

Nation to file an amicus brief); Minute Order, *Hooper*, No. 2022-5034 (10th Cir. Feb. 2, 2023) (order authorizing Creek Nation, Cherokee Nation, Chickasaw Nation, Choctaw Nation of Oklahoma, Quapaw Nation, and Seminole Nation of Oklahoma to file a reply amicus brief and granting oral argument time).

5. The Supreme Court has likewise recognized the importance of the Nation speaking in its own voice in litigation where its sovereignty is implicated, as demonstrated by its granting of argument time to the Nation in both *Murphy* and *McGirt*. *See Carpenter v. Murphy*, 139 S. Ct. 398 (2018) (order granting joint motion of respondent and Creek Nation for leave for Nation to participate in oral argument as amicus curiae and for divided argument time); *McGirt*, 140 S. Ct. 2562 (2020) (order granting equal argument time to each of the parties, amici the Muscogee (Creek) Nation, and the Solicitor General).

6. Those same interests of the Nation warrant its participation in the upcoming status conference and any further proceedings in this case. Tulsa requested the conference "to discuss the status of this case and a plan for continuing with the litigation after the Opinion and Order of the Tenth Circuit remanding the matter for further proceedings." Dkt. 36. As evidenced by this request, Tulsa views this case as a viable vehicle to continue its attack on the Nation's sovereignty.

7. Participation in the status conference will allow the Nation to explain to the Court, in its own voice, why the Tenth Circuit's decision neither contemplates nor leaves any room for such an outcome in this case. As Mr. Hooper can confirm at the status conference, the Circuit's resolution of the appeal left Mr. Hooper with no further live claim, stake, or interest in this case. It accordingly left this Court with no justiciable controversy to address.

8. Participation in the status conference will additionally allow the Nation to further explain that, in any event, a far more appropriate vehicle exists for Tulsa to assert its jurisdictional arguments. On November 15, 2023, in response to Tulsa's ongoing ticketing of Indians within the Nation's Reservation, the Nation filed suit in the Northern District of Oklahoma against Tulsa and its officials, seeking a declaratory judgment "that Tulsa lacks criminal jurisdiction over Indians for conduct occurring within the Creek Reservation and that Tulsa's continued assertion of that jurisdiction violates federal law," and injunctive relief precluding Tulsa from further attempting to exercise such jurisdiction. Complaint at 11, *Muscogee (Creek) Nation v. City of Tulsa*, No. 23-cv-00490-SH (N.D. Okla. Nov. 15, 2023).

9. That pending suit places before the court the very jurisdictional issues Tulsa seeks to continue to adjudicate here, giving Tulsa a full and fair opportunity to make its case for jurisdiction. However, it does so in straightforward fashion without the procedural convolutions of this case, and while affording the Nation the party status commensurate with its vital interests, which status it lacks here.

For the foregoing reasons, the Nation respectfully requests leave to participate as amicus curiae in the upcoming status conference in this matter. There can be no question that the sovereign interests of the Nation are seriously implicated by this case. Absent the opportunity to participate in the status conference and any further proceedings in this matter, the Nation's critical perspective will be excluded, which would be both to its detriment and to the detriment of this Court's ability to conduct a full and fair appraisal of the status of this matter and its proper disposition.

Dated: November 20, 2023

Geraldine Wisner, OBA No. 20128
Attorney General
MUSCOGEE (CREEK) NATION
P.O. Box 580
Okmulgee, OK 74447
(918) 295-9720
gwisner@mcnag.com

O. Joseph Williams, OBA No. 19256
O. JOSEPH WILLIAMS LAW OFFICE, PLLC
The McCulloch Building
114 N. Grand Avenue, Suite 520
P.O. Box 1131
Okmulgee, OK 74447
(918) 752-0020
jwilliams@williamslaw-pllc.com

Respectfully submitted,

*/s/Riyaz A. Kanji*
Riyaz A. Kanji
David A. Giampetroni
Philip H. Tinker
KANJI & KATZEN, P.L.L.C.
P.O. Box 3971
Ann Arbor, MI 48106
(734) 769-5400
rkanji@kanjikatzen.com
dgiampetroni@kanjikatzen.com
ptinker@kanjikatzen.com

Stephanie R. Rush, OBA No. 34017
KANJI & KATZEN, P.L.L.C.
P.O. Box 2579
Sapulpa, OK 74067
(206) 486-8211
vrush@kanjikatzen.com

*Counsel for Muscogee (Creek) Nation*

## CERTIFICATE OF SERVICE

      I certify that on November 20, 2023, this document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

                                                  /s/ *Riyaz A. Kanji*
                                                  Riyaz A. Kanji

Case 4:21-cv-00165-WPJ-JFJ   Document 42 Filed in USDC ND/OK on 11/20/23   Page 6 of 6