IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN HOOPER, | ) |
| Plaintiff/Appellant, | ) ) ) |
| vs. | ) Case No. 21-CV-165-WPJ-JFJ ) |
| CITY OF TULSA, | ) ) |
| Defendant/Appellee. | ) |

**DEFENDANT CITY OF TULSA'S RESPONSE TO
THIS COURT'S ORDER DIRECTING THE CITY TO ADDRESS
THIS COURT'S ONGOING JURISDICTION [DOC NO. 49]**

On November 28, 2023, this Court entered an Order conditionally granting the Muscogee Creek Nation's Motion For Leave to Participate as Amicus Curiae. [Doc. No. 49] In that Order this Court also stated "the Court will hear first from the City of Tulsa why this case should not be dismissed without prejudice for lack of jurisdiction." While the City will be ready to address this at the upcoming status conference, in addition, the City provides the following written response:

**PROCEDURAL HISTORY**

On May 5, 2021, the Plaintiff, Justin Hooper filed the present action asking for an order declaring that the City of Tulsa does not have jurisdiction to enforce its ordinances against members of Indian tribes when violations of those ordinances occur within the boundaries of an Indian reservation, as it is exists in the wake of *McGirt v. Oklahoma*, 591 U.S. ---, 140 S.Ct. 2452 (2022) ("*McGirt*"). The Plaintiff also postured this case as an appeal of his speeding ticket issued in Tulsa Municipal Court.

The City of Tulsa filed a motion to dismiss on the grounds that the Curtis Act of 1898 provided jurisdiction to the City to enforce its municipal ordinances against all inhabitants. This Court, in an Order dated April 13, 2022, granted the City's motion and the Plaintiff appealed to

the Tenth Circuit. While the parties were briefing the issues before the Tenth Circuit, the United States Supreme Court issued its opinion in *Oklahoma v. Castro-Huerta*, 597 U.S. ---, 142 S. Ct. 2486, 213 L.Ed.2d 847 (2022) ("*Castro-Huerta*"). *Castro-Huerta* fundamentally changed the understanding of state jurisdiction over reservation areas, finding that that "the default is that States may exercise criminal jurisdiction within their territory." *Id.* at 2503. The Supreme Court held that State jurisdiction in Indian country can only be preempted: "i) by federal law under ordinary principles of federal preemption, or ii) when the exercise of state jurisdiction would unlawfully infringe on tribal self-government." *Id.* at 2494.

Because *Castro-Huerta* was not decided when this Court initially addressed the issues in this case, the parties did not have the opportunity to brief the Supreme Court's opinion and its effect on the City's jurisdiction over violations of municipal ordinances on Indian land.

The Tenth Circuit issued its decision in the *Hooper* case on June 28, 2023, finding the City previously had jurisdiction over Indians on Indian Country under the Curtis Act, but lost such jurisdiction once the City incorporated under the State of Oklahoma's constitution and laws. *Hooper v. City of Tulsa*, 71 F.4th 1270, 1285 (10th Cir. 2023) (the "*Hooper* Decision"). The Circuit court specifically reversed "the district court's grant of Tulsa's Rule 12(b)(6) motion to dismiss Mr. Hooper's claim for declaratory judgment, VACATE[D] the district court's dismissal of Mr. Hooper's appeal as moot, DIRECT[ED] the district court to dismiss Mr. Hooper's appeal without prejudice for lack of jurisdiction, and REMAND[ED] for proceedings consistent with this opinion." *Id.* at 1288-1289.

The City of Tulsa filed an Emergency Application to the United States Supreme Court asking for a stay of the Tenth Circuit's mandate. On August 4, 2023, the Supreme Court denied the stay, but Justices Kavanagh and Alito issued a statement on the matter specifically stating that

"The City of Tulsa's application for a stay raises an important question: whether the City may enforce its municipal laws against American Indians in Tulsa. For example, may Indians in Tulsa violate the City's traffic safety laws without enforcement by the City?" The Justices observed that the City's application for a stay arose in an "interlocutory posture," and further stated:

> Importantly, the Court of Appeals declined for now to reach an additional argument raised by the State of Oklahoma as amicus curiae: that the City may exercise jurisdiction under the reasoning in *Oklahoma v. Castro-Huerta*, 597 U.S. _ (2022). On remand in the District Court, the City may presumably raise that argument. Moreover, as I understand it, nothing in the decision of the Court of Appeals prohibits the City from continuing to enforce its municipal laws against all persons, including Indians, as the litigation progresses.

[Exhibit A – Statement of Justices Kavanagh and Alito]

This case has now been remanded back to this Court for further proceedings. A status conference is scheduled to take place on Monday, December 4, 2023. In advance of that status conference the Muscogee Creek Nation asked to participate as amicus curiae. None of the parties objected. In this Court's Order conditionally granting the tribe's motion, this Court asked the City to address whether the Court has jurisdiction to proceed with this matter which prompted the City to file the present response.

## ARGUMENT AND AUTHORITIES

### This Court Has Jurisdiction To Continue To Hear This Matter

This case has been remanded back to this court for further proceedings consistent with the Tenth Circuit's Order. Importantly, while the Circuit Court's Order gave specific instructions to this court to dismiss the Plaintiff's appeal, no such instruction was given on the declaratory judgment claim. Instead, the Court specifically remanded the matter for additional "proceedings" consistent with the Opinion. The case and controversy in this matter remains the same as it did

before the Tenth Circuit's Order – whether the City of Tulsa has jurisdiction to prosecute Indian offenders for violations of municipal ordinances conducted on Indian land.

Since the parties were last before this court there has been a major shift in federal Indian law by the United States Supreme Court in its *Castro-Huerta* decision. This City's position is that the principles outlined in this decision provide the City with concurrent jurisdiction, separate and apart from the Curtis Act, to enforce its municipal ordinances. As Justices Kavanagh and Alito noted, the City should be able to brief to this court this new case law in order for the court to render a valid, final decision on the Plaintiff's request for declaratory judgment.

The tribes are well aware that the City has taken the position that the *Castro-Huerta* decision provides the State, and thus the City, concurrent jurisdiction to enforce its laws and ordinances and therefore, there is still a very significant case or controversy at issue. This legal argument has been, and is currently, raised in various other cases before the Oklahoma Court of Criminal Appeals. In fact, in a concurring decision issued by the Presiding Judge of the Oklahoma Court of Criminal Appeals, Judge Rowland stated:

> Until recently, it was settled law that the State of Oklahoma lacked jurisdiction to prosecute crimes committed by or against Indians in Indian Country. … But that analysis has become more complicated after the U.S. Supreme Court's decision in *Oklahoma v. Castro-Huerta* where the majority held that 18 U.S.C. § 1152, known as the General Crimes Act, does not preempt Oklahoma's jurisdiction over non-Indians who commit crimes on a reservation. … Although *Castro-Huerta* involved a non-Indian, the Supreme Court made clear that the text of this statute would not preempt state jurisdiction against an Indian in similar circumstances …. Thus, under the General Crimes Act, <u>courts must now apply the so-called *Bracker* balancing test to determine if state jurisdiction is preempted in cases of crimes committed by Indians in Indian Country</u>.

*State v. Hon. Terrell Crosson*, --- P.3d ---, 2023 OK CR 18, ¶ 3 (P.J. Rowland concurring) (internal citations and quotations omitted) (emphasis added)(Opinion Attached herewith as Exhibit B). In

addition to the *Crosson* opinion, the Court of Criminal Appeals has stated, "Because the State has jurisdiction to prosecute crimes committed in Indian country unless state jurisdiction is preempted, *Castro-Huerta* leaves unresolved whether the State's jurisdiction to prosecute Indians for crimes under the General Crimes Act in Indian country is preempted." *State v. Brester*, 531 P.3d 125, 137-38, 2023 OK CR 10, ¶ 36, 531 P.3d 125, 137-38 (internal quotations and citations omitted; emphasis added). Thus, Oklahoma's highest criminal court has found that State jurisdiction over Indians in Indian Country after *Castro-Huerta* remains an unanswered question.

Additionally, at least one State of Oklahoma District Court has ruled that the State does maintain jurisdiction over crimes committed by Indians within the Muscogee Creek Nation's reservation boundaries. *State v. Long*, District Ct. McIntosh Co., Okla., CF-23-86, Order on Jurisdictional Issues Raised by Def., filed October 4, 2023 (attached as Exhibit C). In *Long*, after applying the *Castro-Huerta* analysis and the *Bracker* balancing test, "the Court [found there is a] presumption of the State's ability to enforce its laws. With this presumption in mind, the Court finds subject matter jurisdiction exists for the State to prosecute the Defendant for violating State laws ...." *Id.* at *9. The criminal laws to which the Indian defendant had previously pled in *Long* included a felony charge of bringing contraband into a penal institution and misdemeanor trespass. *Id.* That case is currently on appeal to the Oklahoma Court of Criminal Appeals. Okla. Crim. App. Case No. RE-2023-884, filed Nov. 1, 2023. Thus, in the Oklahoma State court system, there is at least a question of whether or not the State, and therefore the City of Tulsa, may exercise jurisdiction over Indians within reservation boundaries under *Castro-Huerta*.

"The Constitution gives federal courts the power to adjudicate only genuine Cases and Controversies." *Robert v. Austin*, 72 F.4th 1160, 1163 (10th Cir. 2023), quoting *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (en banc) (cleaned up). "This case-or-controversy requirement

subsists through all stages of federal judicial proceedings ... [and] requires a party seeking relief to have suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision by the appeals court." *Id.* (internal quotations and citations omitted).

The case and controversy in this matter remains the same as it did the first time the parties presented briefing on the issues. Although the Tenth Circuit has weighed in on the jurisdictional arguments under the Curtis Act,[1] what remains for this Court to decide is whether the Plaintiff is entitled to declaratory relief finding that the City cannot enforce violation of its ordinances against tribal members on a reservation in light of the recent *Castro-Huerta* decision.

## CONCLUSION

This court should not dismiss this matter for lack of jurisdiction. The case and controversy remain the same as they did before the Tenth Circuit's decision. As Justices Alito and Kavanaugh stated, the parties should be able to brief the substantial change in the understanding of the law since this matter was last before this court and its impact on the Plaintiff's request for declaratory judgment.

---

[1] The City of Tulsa intends to appeal the Tenth Circuit's decision on the Curtis Act to the United States Supreme Court once a valid, final, and appealable judgment is entered in this matter.

Respectfully submitted,

CITY OF TULSA, OKLAHOMA
a municipal corporation

JACK C. BLAIR
Interim City Attorney

By: s/Kristina L. Gray
Kristina L. Gray, OBA#21685
Litigation Division Manager
Becky M. Johnson, OBA# 18282
Senior Assistant City Attorney
Hayes T. Martin, OBA #32059
Assistant City Attorney
City Hall @ One Technology Center
175 E. Second Street, Suite 685
Tulsa, Oklahoma 74103
Telephone (918) 596-7717
Facsimile (918) 596-9700

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

John Dunn
Riyaz A. Kanji
David A. Giampetroni
Phillip H. Tinker
Stephanie R. Rush
Geraldine Wisner
O. Joseph Williams

/s/Kristina L. Gray
Kristina L. Gray