IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JUSTIN HOOPER,

        Plaintiff/Appellant,

v.     No. 21-CV-00165-WPJ-JFJ

CITY OF TULSA,

        Defendant/Appellee.

### ORDER OF DISMISSAL WITHOUT PREJUDICE ON THE MANDATE

**THIS MATTER** is before the Court[1] on remand from the Tenth Circuit. (Docs. 32, 33, 35). On June 28, 2023, the Tenth Circuit filed its opinion in *Hooper v. City of Tulsa*, 71 F.4th 1270 (10th Cir. 2023) (Doc. 32). The Tenth Circuit held that (1) "Section 14 of the Curtis Act no longer applies to Tulsa" and therefore Tulsa no longer has "jurisdiction over municipal violations committed by its Indian inhabitants;" and (2) the district court lacks subject matter jurisdiction over Mr. Hooper's appeal from the municipal court. *Hooper*, 71 F.4th at 1285, 1288–89.

Following its holdings, the Tenth Circuit reversed "the district court's grant of Tulsa's Rule 12(b)(6) motion to dismiss Mr. Hooper's claim for declaratory judgment," vacated the "district court's dismissal of Mr. Hooper's appeal as moot," directed "the district court to dismiss Mr. Hooper's appeal without prejudice for lack of jurisdiction," and remanded "for proceedings consistent" with the opinion. *Id.* at 1288–89. (Doc. 32 at 34–36; Doc. 33).  The Tenth Circuit's Mandate issued August 3, 2023.  (Doc. 35).

---

[1] Chief United States District Court Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

Plaintiff has suggested the Court should enter a declaratory judgment regarding non-applicability of the Curtis Act to other Oklahoma municipalities. However, the Court lacks jurisdiction to render declaratory relief on issues and matters unrelated to Plaintiff and involving entities that are not parties to this proceeding. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (the district court may only enter a declaratory judgment where the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests).

**THEREFORE**, on the Tenth Circuit's Mandate and having no further matters with Mr. Hooper,[2] it is **ORDERED**:

(1) As a matter of Tenth Circuit law, Section 14 of the Curtis Act no longer applies to Tulsa and therefore Tulsa no longer has jurisdiction over municipal violations committed by its Indian inhabitants;

(2) this Court lacks subject matter jurisdiction over Mr. Hooper's appeal from the municipal court and the appeal is **DISMISSED WITHOUT PREJUDICE;**

(3) to the extent Plaintiff seeks further declaratory relief, the Court lacks jurisdiction to grant such relief; and

(4) all remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and this civil case is **CLOSED.**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

---

[2] On December 4th, the Court held a status conference with the parties. (Doc. 50). Defendant City of Tulsa asked the Court to retain jurisdiction to address implications of the U.S. Supreme Court's decision in *Castro-Huerta*. These matters do not apply to Mr. Hooper, but instead involve a dispute with *amicus curiae* the Muscogee (Creek) Nation—who is not a party to this action. Recently filed is *Muscogee (Creek) Nation v. City of Tulsa*, 23-cv-490 (N.D. Okla. Nov. 15, 2023). That case is the proper venue for the City to raise their other matters, not here. The Tenth Circuit chose not to address *Castro-Huerta* in its decision and this Court similarly declines to address it.